UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 24-CV-30096 (KAR)

| | |
|---|---|
| DOREEN REYES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMHERST-PELHAM REGIONAL | ) |
| SCHOOL DISTRICT, MICHAEL MORRIS, | ) |
| and DOUGLAS SLAUGHTER, | ) |
|     Defendants. | ) |

## DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO STAY

NOW COME the Defendants in the above-captioned action, Amherst-Pelham Regional School District ("the District"), Michael Morris, and Douglas Slaughter (collectively "Defendants"), and hereby submit this limited opposition to Plaintiff's Motion to Stay. As grounds therefore, Defendants state that given the procedural posture of this case, the amount of time requested by Plaintiff to seek successor counsel is overly prejudicial to Defendants. Defendants request Plaintiff be provided thirty days to secure successor counsel and a status conference be held shortly after the expiration of the thirty days.

In further support thereof, Defendant states the following:

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint asserts several legal theories against multiple Defendants arising from her employment for the Amherst-Pelham Regional School District, and consulting work outside of her employment for the District. The complaint was originally filed in Superior Court, and subsequently removed to Federal Court by notice of removal on July 31, 2024. This Court issued an initial scheduling order on September 30, 2024, which provided a deadline for non-

expert discovery to be completed by June 16, 2025. On February 14, 2025, Defendants served Plaintiff with Defendants Request for Production of Documents and Written Interrogatories. On June 13, 2025, in response to a joint motion to extend fact discovery this Court issued an amended scheduling order which set a deadline for factual discovery to be completed by October 14, 2025. The Court noted in this order that "the parties should not anticipate any further extensions of these deadlines."

On July 3, 2025, Defendants received Plaintiff's Answers to Interrogatories. Defendants sent a letter to Plaintiff's counsel pursuant to Local Rules 7.1 and 37.1 on July 28, 2025, notifying counsel that Defendants had still not received Plaintiff's Response to Defendants' Request for Production of Documents, and asserting deficiencies in Plaintiff's Answers to Interrogatories. Defendants' letter stated that if Plaintiff did not Provide Plaintiff's Response to Defendants' Request for Production of Documents by August 28, 2025, Defendants would file a Motion to Compel.

Defendants scheduled Plaintiff's deposition, but was forced to postpone it because of Plaintiff's failure to respond to Defendants written discovery requests. Defendants may need to take further depositions, but have been unable to make such an assessment due to the failure of Plaintiff to respond to discovery.

On September 5, 2025, Defendants filed a Motion to Compel, seeking an order from the Court to compel Plaintiff to produce documents and provide written responses to incomplete Answers to Interrogatories. Plaintiff opposes Defendant's Motion to Compel and has filed a Motion to Stay on the grounds that Plaintiff's counsel will be withdrawing from the matter, which would stall this action beyond the amended Scheduling Order's factual discovery deadline.

**ARGUMENT**

Defendants file this limited opposition to request that further delay of litigation in this matter is limited. Defendants have been prejudiced by this ongoing delay. Since the beginning of this litigation, several of Defendants' witnesses have left employment with the District, and as time continues to pass, it can reasonably be assumed that further witnesses will depart employment and memories will fade. Additionally, this action and the events surrounding it have attracted significant publicity, and the District has the right to have this controversy resolved in a reasonable timeframe, allowing the School District and community to move forward. Moreover, Plaintiff's asserted damages in this matter are substantial, and potential significant prejudgment interest continues to accrue.

Significantly, Defendants' ability to litigate this matter has been encumbered by Plaintiff's failure to engage in discovery. Plaintiff's Motion to Stay, if allowed as requested, would exacerbate the delays caused by Plaintiff's inattention to this matter. Accordingly, Defendants' request that Plaintiff's Motion to Stay be allowed in a manner that limits delay.

**CONCLUSION**

WHEREFORE, Defendants request that the Court provide Plaintiff thirty days to secure successor counsel, and after the expiration of the thirty days, the court set a status conference at its convenience.

                                RESPECTFULLY SUBMITTED,

                                THE DEFENDANTS,
                                AMHERST-PELHAM REGIONAL SCHOOL DISTRICT, MICHAEL MORRIS, and DOUGLAS SLAUGHTER

Dated:   September 16, 2025        By:   /s/ Hunter S. Keil
                                                    Hunter S. Keil, Esq., BBO No. 687979
                                                        hkeil@robinsondonovan.com
                                                    Nicholas R. Leduc, Esq., BBO No. 714359
                                                        nleduc@robinsondonovan.com
                                                    ROBINSON DONOVAN, P.C.
                                                    1500 Main Street, Suite 1600
                                                    Springfield, Massachusetts 01115
                                                    Phone (413) 732-2301

CERTIFICATE OF SERVICE

I, Hunter S. Keil, Esq., hereby certify that on this 16th day of September 2025, I served a copy of the above upon the parties in the action via **EMAIL** to counsel and parties:

Peter Vickery, Esq.
27 P̲ray S̲treet
Amherst MA 01002
BBO #641574
Phone: (413) 992-2915
peter@petervickery.com

*Subscribed under the penalties of perjury.*

_____
Hunter S. Keil, Esq.