UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Springfield Division)

| | | |
|---|---|---|
| DOREEN REYES,<br>Plaintiff,<br><br>v.<br><br>AMHERST-PELHAM REGIONAL SCHOOL DISTRICT; MICHAEL MORRIS; and DOUGLAS SLAUGHTER,<br>Defendants. | : | C.A. No. 3:24-cv-30096 (MGM) |

**PLAINTIFF'S MOTION TO MODIFY THE OCTOBER 28, 2025 SCHEDULING ORDER**

Plaintiff Doreen Reyes, through her counsel, moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) to modify the operative Scheduling Order to extend the remaining discovery and related deadlines by sixty (60) days. In support, Plaintiff states as follows.

1. This action arises from Plaintiff's termination from her position as Assistant Superintendent of the Amherst-Pelham Regional School District and involves claims of discrimination, wrongful termination, breach of contract, and tortious interference under federal and state law.
2. Plaintiff seeks a limited sixty (60) day extension of the current fact discovery deadline, from September 15, 2026 to November 14, 2026, principally to complete the remaining primary fact depositions, assess whether mediation may be productive after those depositions, and preserve Plaintiff's ability to seek any necessary targeted follow-up discovery.
3. Paper discovery is substantially complete. Plaintiff does not seek to reopen general paper discovery, but reserves the right to seek narrowly tailored follow-up discovery if deposition testimony or newly revealed information warrants it.
4. The current operative scheduling order sets the following deadlines:

| | |
|---|---|
| Completion of non-expert fact discovery | **September 15, 2026** |
| Plaintiff's expert designation and disclosure | **October 14, 2026** |
| Defendants' expert designation and disclosure | **November 14, 2026** |
| Completion of expert depositions | **December 14, 2026** |
| Dispositive Motions | **February 14, 2027** |
| Oppositions to Dispositive Motions | **March 14, 2027** |
| Reply to Oppositions to Dispositive Motions | **March 28, 2027** |
| Hearing on Dispositive Motions or, in the alternative, a Pre-trial Conference | **April 11, 2027** |

5. The Court previously allowed a limited extension of the discovery schedule. Plaintiff's prior motion sought a sixty (60) day extension of the fact discovery deadline from July 15, 2026 to September 15, 2026. The Court did not state that no further extension would be permitted.
6. Plaintiff has diligently used the current extension period to advance fact discovery.
7. Plaintiff's deposition has been completed.
8. Plaintiff has completed the depositions of Douglas Slaughter and Ben Harrington.
9. Plaintiff has noticed the deposition of Michael Morris for September 15, 2026.
10. Plaintiff also noticed the deposition of Sara Barber-Just for August 25, 2026, but that deposition did not proceed due to a scheduling miscommunication. Plaintiff intends to reschedule that deposition during the requested extension period.
11. Plaintiff has previously identified the following fact witnesses for deposition: Douglas Slaughter, Michael Morris, Ben Harrington, Edward Mitnick, Kathryn Mazur, Marta Guevara, Diego Sharon, Lamikco Magee, Sara Barber-Just, and Georgia Malcolm.
12. Several of those depositions remain to be completed, including Sara Barber-Just, Edward Mitnick, Kathryn Mazur, Marta Guevara, Diego Sharon, Lamikco Magee, and Georgia Malcolm.
13. Plaintiff also anticipates that additional targeted depositions may be necessary based on the testimony already obtained and the evidence concerning the School Committee's role in Plaintiff's termination.
14. In particular, Plaintiff may seek leave to exceed the ten deposition limit set forth in Fed. R. Civ. P. 30 to depose members of the School Committee who participated in the decision to terminate Plaintiff's employment.
15. Plaintiff is not asking the Court at this time for leave to exceed the deposition limit. Plaintiff seeks only to preserve the ability to confer with Defendants and, if necessary, file an appropriate motion after the remaining primary depositions are completed and the parties can better assess whether additional depositions are necessary.
16. The requested extension is also intended to allow the parties to complete the remaining primary depositions and then evaluate whether mediation may be productive.
17. Counsel have discussed the possibility of mediation after the primary depositions are completed. If the parties agree to pursue mediation, they may seek a stay of the proceedings at that time.
18. Plaintiff submits that the requested extension is appropriate because the parties have been actively conducting depositions, but the remaining depositions cannot reasonably be completed before the current September 15, 2026 fact discovery deadline.
19. The need for this extension is not the result of lack of diligence. Rather, the parties have been working through witness availability, counsel availability, scheduling logistics, and the need to complete depositions in a reasonable order.
20. The remaining depositions involve current and former District personnel, separately represented witnesses, and non-party witnesses, requiring additional coordination.
21. Defendants' counsel previously advised that he would not represent or produce Edward Mitnick.
22. Defendants' counsel also previously advised that Lamikco Magee is separately represented.
23. Plaintiff understands that additional coordination will also be necessary for Georgia Malcolm and any non-party witnesses whose testimony may be required.
24. Plaintiff has acted diligently in identifying, noticing, and taking depositions. The completion of Plaintiff's deposition and the depositions of Douglas Slaughter and Ben Harrington demonstrates that discovery has proceeded during the current extension period.

25. Plaintiff does not seek an open-ended extension. Plaintiff requests only the additional time reasonably necessary to complete the remaining primary fact depositions, confer regarding mediation, and determine whether any further targeted deposition discovery is necessary.
26. A sixty (60) day extension is narrowly tailored and will allow the parties to complete the remaining fact discovery without unduly delaying the case.
27. The requested extension will not prejudice Defendants. Defendants have already deposed Plaintiff, have participated in the depositions completed to date.
28. Good cause exists to modify the operative scheduling order.
29. Counsel for the parties have conferred regarding this motion. Defense counsel has indicated that Defendants will partially object. Defendants do not oppose a sixty-day extension, but request that any extension be conditioned on no further extensions being granted and on Plaintiff not being permitted to exceed the ten-deposition limit under Fed. R. Civ. P. 30.
30. Plaintiff respectfully proposes the following amended deadlines:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Completion of non-expert fact discovery | Sept. 15, 2026 | **November 14, 2026** |
| Plaintiff's expert designation and disclosure | October 14, 2026 | **December 14, 2026** |
| Defendants' expert designation and disclosure | Nov. 14, 2026 | **January 14, 2027** |
| Completion of expert depositions | Dec. 14, 2026 | **February 14, 2027** |
| Dispositive Motions | February 14, 2027 | **April 14, 2027** |
| Oppositions to Dispositive Motions | March 14, 2027 | **May 14, 2027** |
| Reply to Oppositions to Dispositive Motions | March 28, 2027 | **May 28, 2027** |
| Hearing on Dispositive Motions or, in the alternative, a Pre-trial Conference | April 11, 2027 | **June 11, 2027** |

31. Plaintiff therefore requests that the Court modify the Scheduling Order consistent with the proposed deadlines set forth above.

WHEREFORE, Plaintiff respectfully requests that the Court allow this Motion and enter an amended scheduling order extending the remaining deadlines by sixty (60) days as set forth above.

Respectfully submitted by:

Plaintiff
DOREEN REYES
By Her Attorney

/s/Mark P. Gagliardi
Mark P. Gagliardi (MA BBO#: 657622)

LAW OFFICE OF MARK P. GAGLIARDI
56 Pine Street, Suite 200
Providence, RI 02903
(401) 277-2030
mark@markgagliardilaw.net

September 14, 2026

**CERTIFICATION OF SERVICE**

I hereby certify that on this **14**th day of September 20**26**, I filed electronically this document with the ECF system of the United States District Court for the District of Massachusetts and, therefore, all counsel-of-record have received notice electronically.

/s/Mark P. Gagliardi
Mark P. Gagliardi